SUSAN TENNEY & others, Administrators, *vs.* ALONZO V. BLANCHARD & another.

An indenture between the grantee of a right to redeem land from a mortgage, the mortgagee, who has entered for foreclosure, and a third person claiming title to the land, by which the mortgagee releases to the other parties his right of foreclosure, and agrees to collect the rents and divide them among all the parties in proportion to their claims against the original mortgagor, and in which provision is made for a future sale of the estate and a like division of the proceeds, implies a release of the equity of redemption.

SHAW, C. J.   Bill in equity to redeem land in Palmer from a mortgage made by H. & C. Strong to the defendants.   The facts in this case are not contested, and they are plain and simple.   The Strongs, after the mortgage to the defendants, conveyed the premises to Eliphalet Tenney, the plaintiffs' intestate; of course this conveyance carried the right to redeem, being *prima facie* a title to the estate, subject only to the mortgage. But upon some ground or pretence, not fully explained, before the conveyance to Tenney, H. & C. Strong had made a deed of the premises to Hiram Converse, and another mortgage to the defendants.

The defendants entered to foreclose.   In this state of things, and before any foreclosure or redemption, the defendants, with Tenney and Converse, entered into an agreement under seal, by which they recite their respective claims on the estate, under their respective titles, and the entry and actual possession of the premises by the defendants; the defendants' release to Tenney and Converse " all right or claim to the foreclosure of their mortgages, which they have acquired by possession of said premises under their mortgage, the said Tenney holding the equity of redemption of the same "; and the defendants covenant to rent the premises, and take the rents, and distribute them quarterly among all the parties, in proportion to the whole amount of their respective claims against the Strongs; and i is agreed that the premises shall not be sold within five years, without the consent of H. & C. Strong; but within that time, if they consent, or at the expiration of that time, without their

consent, the premises may be sold, and the proceeds distributed in the same proportions.

The court are of opinion that this was a good and valid agreement, binding on the parties, and necessarily implied a release on both sides — on the one side of the right to redeem, and on the other of the right to foreclose; because it provided for another disposition of the estate, with which such rights of redemption and of foreclosure would have been utterly incompatible. The defendants did, in terms, release their right to foreclose; and we think that Tenney, the plaintiffs' intestate, did as much by stipulations which necessarily implied such release. By such relinquishment, made by the plaintiffs' intestate, they are bound, and therefore have no right to a decree for redemption in this suit. *Bill dismissed.*

*F. A. Brooks*, for the plaintiffs.

*R. A. Chapman*, for the defendants.